UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CRIMINAL NO. 06-20196

    Plaintiff,

          HONORABLE: JOHN CORBETT O'MEARA

V.

JUDITH ELAINE POE,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS
## FOR DISCLOSURE OF MEMORANDUMS OF WITNESS INTERVIEW

On February 22, 2007, this Court conducted a hearing on defendant's motions for disclosure of the memorandums of witness interviews. After full argument and discussion by the parties involved, and after a full *in camera* review of the memorandums at issue, this Court concludes that the defendant's motions for disclosure should be denied.

On April 11, 2006, the defendant, Judith Poe, was indicted by the Grand Jury on four counts of tax evasion. On December 6, 2006, Judith Poe, pursuant to a Rule 11 plea agreement, entered a guilty plea to one count of the indictment. On February 1, 2007, the defendant's counsel filed a motion wherein he asserted that the memorandums of witness' interviews of a particular witness should be disclosed pursuant to the *Jencks Act* (18 U.S.C. § 3500) and/or *Brady v. Maryland*, 373 U.S. 83 (1963). The United States filed a response asserting that the memorandums are not discoverable, as the provisions of the *Jencks Act* were inapplicable since the witness never testified, and none of the information contained within the memorandums contained exculpatory information

1

within the meaning of *Brady*. Additionally, as part of its response the United States provided this Court with copies of the three memorandums in question so that this Court could conduct an *in camera* review.

This Court concludes that the memorandums are not discoverable under the *Jencks Acts* since the witness at issue has not "testified on direct examination in the trial (or the sentencing) of the case."[1] *See* 18 U.S.C. § 3500(a). Further, this Court conducted a careful *in camera* review of the three memorandums of the witness' interviews and concludes that none of the memorandums contain any exculpatory information within the meaning of *Brady*.

Accordingly, the Court denies the defendant's motion for discovery of the memorandums of interview of the witness.

**SO ORDERED**.

s/John Corbett O'Meara<br>United States District Judge

Dated:  February 26, 2007

I hereby certify that a copy of the foregoing order was served upon the parties of record on this date, February 26, 2007, electronically.

s/William Barkholz<br>Case Manager

---

[1] This Court has not reached a conclusion as to whether such memorandums are considered "statements" within the meaning of 18 § 3500 (e), as this Court believes the witness' failure to testify appears to be dispositive of the issue.